IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:12-CV-033-RLV-DCK

| | |
|---|---|
| GARY N. LEE, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 12) and Defendant's "Motion For Summary Judgment" (Document No. 14). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

**I.    BACKGROUND**

Plaintiff Gary N. Lee ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about February 3, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq.*, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq.*, alleging an inability to work due to a disabling condition beginning March 20, 2001. (Document No. 13, p.1); (Transcript of the Record of Proceedings ("Tr.") 12, 161-166).

The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on April 21, 2010, and again after reconsideration on September 3, 2010. (Tr. 12, 114, 127). In its "Notice of Reconsideration" the Social Security Administration ("SSA") included the following finding:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We realize that your condition keeps you from doing some types of work, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 135).

Plaintiff filed a timely written request for a hearing on September 16, 2010. (Tr. 12, 145). On November 8, 2011, Plaintiff appeared and testified at a hearing before Administrative Law Judge Theresa R. Jenkins ("ALJ"). (Tr. 12, 41-64). In addition, Janette Clifford, a vocational expert ("VE"), and Jason Wilson, Plaintiff's attorney, appeared at the hearing. (Tr. 12, 43). During the hearing, Plaintiff amended his alleged onset date of disability to January 28, 2010, the protective filing date of his SSI claim, and voluntarily waived his claim for Disability Insurance Benefits, which was then dismissed. (Tr. 12, 44, 198); (Document No. 13, p.2). Plaintiff thus amended "his claim to only seek Title XVI benefits." Id.

The ALJ issued an unfavorable decision on December 1, 2011, denying Plaintiff's claim. (Tr. 9-21). Plaintiff filed a request for review of the ALJ's decision on January 30, 2012, which was denied by the Appeals Council on February 17, 2012. (Tr. 1-4). The December 1, 2011 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on March 22, 2012. (Document No. 1). Also on March 22, 2012, the undersigned was assigned to this case as the referral magistrate judge. "Plaintiff's Motion For Summary Judgment" (Document No. 12) and "Plaintiff's Brief Supporting Motion For Summary Judgment" (Document No. 13) were filed September 24, 2012; and Defendant's "Motion For Summary Judgment" (Document No. 14) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 15) were filed November 7, 2012. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is appropriate.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 28, 2010, the date the application was filed, and the date of the ALJ's decision, December 1, 2011.[1] (Tr. 13, 21). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from January 28, 2010, through the date of her decision, December 1, 2011. (Tr. 21).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 20-21).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since January 28, 2010, the application date. (Tr. 14). At the second step, the ALJ found that degenerative disc disease, was a severe impairment. (Tr. 15).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 16-17).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work activity, with the following limitations:

> He can lift and carry up to 20 pounds occasionally and 10 pounds frequently. He can sit up to 6 hours and stand/walk up to 6 hours

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

> during a regular workday with a sit/stand option. He can frequently perform all postural. He does not have any manipulative, visual, communicative, or environmental limitations. He can sustain attention and concentration for 2 hours at a time due to pain.

(Tr. 17). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSRs 96-4p and 96-7p." Id. The ALJ further opined that "she considered opinion evidence in accordance with the requirements of CFR 416.927 and SSRs 96-2p, 96-3p, 96-6p and 06-3p."

At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work as a garbage collector (very heavy, unskilled), metal worker (heavy, very skilled), loader operator (medium, semi-skilled), and equipment builder (medium, very skilled). (Tr. 19-20). At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 20-21). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included storage facility rental clerk, coin machine collector, and parking lot attendant. (Tr. 20, 59-62). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between January 28, 2010, and the date of her decision. (Tr. 21).

Plaintiff on appeal to this Court contends that the ALJ erred in her RFC findings. (Document No. 12, p.1).

**RFC Evaluation**

In his only assignment of error, Plaintiff argues that the ALJ erred by making "mutually exclusive" findings regarding Plaintiff's RFC. (Document No. 13, p.3). Plaintiff argues that the ALJ's findings are erroneous because under the applicable regulatory standards, the limitations of the ALJ's RFC assessment would preclude Plaintiff from performing light work. (Document No. 13, p.4). Specifically, the requirement of a "sit/stand" option would prevent Plaintiff from performing the exertional standing/walking requirements of light work. Id. Plaintiff concludes that "an individual cannot both perform the full 6-hour standing/walking requirement of light work and require a sit/stand option." (Document No. 13, p.6).

Plaintiff relies in part on Peterson v. Chater, 96 F.3d 1015, 1016 (7th Cir. 1996) (citing SSR 83-12), suggesting that the finding in that case is applicable here. (Document No. 13, p.7). In Peterson, the court noted that the ALJ's "finding that Peterson can do sedentary work is in conflict with another finding by the administrative law judge—that Peterson is not capable of working in a job that requires prolonged sitting, standing, and walking." Peterson, 96 F.3d at 1016.

In the instant case it does not appear that the ALJ made a similar assessment that sedentary work was an appropriate option. The following excerpt from Peterson is instructive:

> If the administrative law judge adheres to his finding that Peterson is incapable of prolonged sitting, standing, and walking, that will not be the end of the case. The ruling we just quoted from goes on to point out that there are some jobs in which "a person can sit or stand with a degree of choice." The ruling says that these are "typically professional and managerial" jobs, jobs for which Peterson is not qualified. But some jobs of neither a professional nor a managerial character allow the worker to get up every hour or so and move around, and Peterson may be capable of holding such a job, since his treating physician reported that Peterson can sit for an hour at a time. The ruling indicates, and the cases interpreting it consistently hold, that in the case of an applicant for disability benefits who cannot sit or stand indefinitely, a vocational expert, vocational dictionary, or other appropriate guide or source

7

> must be consulted to determine whether there are sufficient jobs in the national economy that the applicant is physically capable of holding to justify a conclusion that he is not disabled.

Peterson, 96 F.3d at 1016 (citing SSR 83-12).

Defendant argues that Plaintiff's brief appears to rely on a misreading of SSR 83-12, stating: "SSR 83-12 specifies that a person [requiring a sit/stand option] cannot stand and/or walk for 6 hours per day." (Document No. 15, p.4) (citing Document No. 13, p. 6). However, Defendant notes that the actual text of SSR 83-12 states that a person with a sit/stand option is not capable of "the *prolonged* standing or walking contemplated for most light work." Id. The SSR does not state that a sit/stand option would necessarily preclude one from standing or walking for a *total* of 6 hours in a workday. Id. As such, Defendant concludes that the ability to stand or walk for a total of 6 hours over the course of the workday and the requirement to alternate sitting and standing are not inherently contradictory. Id.

Defendant's memorandum also makes the point that in this case the ALJ consulted with a VE, with regards to the sit/stand option, and relied on her testimony in finding there were jobs Plaintiff could do. (Document No. 15, p.5); see also (Tr. 60-61). Defendant contends that the VE testimony distinguishes this case from Peterson v. Chater, because in Peterson "the ALJ did not obtain VE testimony." Id. Defendant notes that "SSR 83-12 specifically recommends VE consultation for cases in which there are unusual limitations in the ability to sit or stand, including a need to alternate sitting and standing." (Document No. 15, p.6). Defendant also notes that Plaintiff's counsel failed to raise this issue at the hearing. Id.

> No questioning was directed at the jobs identified by the VE, or at the hypothetical identified by the ALJ. Where a claimant offers no evidence contrary to the VE's testimony, he fails to meet his burden of proving that he could not perform the jobs identified by the VE.

Id. (citations omitted).

Plaintiff also cites Boone v. Barnhart, 353 F.3d 203 (3rd Cir. 2003) for support, claiming that it is "quite similar" to the instant case. (Document No. 13, p.8). Defendant, however, persuasively distinguishes Boone v. Barnhart from the instant case. (Document No. 15, pp.7-9). For example, Defendant correctly notes that in Boone the Third Circuit was particularly concerned that there was "an unexplained conflict" between the ALJ's RFC assessment, the jobs identified by the VE, and the descriptions and or requirements of those jobs in the Dictionary of Occupational Titles ("DOT"). (Document No. 15, p.7); Boone, 353 F.3d at 206-208. The ALJ found that claimant Boone was limited to *light*, *unskilled* work, but the jobs identified by the VE were listed by the DOT as being at the *medium* level of exertion and *semi-skilled*. Id. In Boone, the court was "further troubled . . . by the hesitation with which the VE identified the three possible occupations for Boone." Id. See Staggers v. Barnhart, 106 Fed.Appx. 104, 105 (3rd Cir. 2004) ("In the case before us, the ALJ had the benefit of vocational expert testimony, particularly with respect to the limitations imposed by the sit or stand option. We conclude that Boone is distinguishable and does not control the outcome here.").

In this case there is no allegation that the jobs identified by the VE conflict with the DOT, or that the VE was hesitant in her evaluation. Based on the foregoing, the undersigned does not find Boone to be sufficiently similar to the instant case to warrant reversal or remand of the ALJ's decision.

In short, the undersigned is not convinced that the ALJ's RFC findings are "mutually exclusive." After careful review of the ALJ's decision, the hearing transcript, and the medical records, the undersigned is persuaded that the ALJ relied on substantial evidence in reaching his opinion about Plaintiff's RFC.

## IV.    CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision.  Richardson v. Perales, 402 U.S. 389, 401 (1971);  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V.    RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 12) be **DENIED**;  Defendant's "Motion For Summary Judgment" (Document No. 14) be **GRANTED**;  and the Commissioner's determination be **AFFIRMED**.

## VI.    TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: April 8, 2013

David C. Keesler
United States Magistrate Judge