IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:12-CV-00033-RLV-DCK

| | |
|---|---|
| GARY N. LEE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the parties' cross-motions for summary judgment. (Docs. 12, 14).

Pursuant to 29 U.S.C. § 636(b)(1)(B) and the standing order of designation, the Court referred the aforesaid motions to the United States Magistrate Judge David C. Keesler for recommended disposition. In an opinion filed on April 8, 2013, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the Commissioner of the Social Security Administration's ("Commisioner") decision be affirmed. On April 22, 2013, Plaintiff filed his Objection to the Memorandum and Recommendation ("M&R"). (Doc. 16). The objection raised by the Plaintiff is deemed timely and is considered herein.

---

[1] Carolyn N. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Introduction

Neither party has objected to the Magistrate Judge's statement of the factual and procedural history of the case; thus, the Court adopts the facts as set forth in the M & R. *Id.*

## II. Standard of Review

The Federal Magistrate Act provides that a district court shall make a *de novo* determination of those portions of a magistrate judge's report or specific proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1) (2009); *Camby v. Davis,* 718 F.2d 198, 199–200 (4th Cir.1983). The Court's review of the Commissioner's final decision is limited to the following two issues: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. § 405(g) (2010); *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990). So long as a reasonable mind might accept as adequate the evidence in support of the Commissioner's decision, the Court should not reweigh the evidence or substitute its judgment for that of the Commissioner. *Hays*, 907 F.2d at 1456; *Smith v. Heckler,* 782 F.2d 1176, 1179 (4th Cir.1986) (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the undersigned has conducted a careful review of the Magistrate Judge's Memorandum and Recommendation as well as a *de novo* review of the matters specifically raised in the Plaintiff's Objection.

## III. Discussion

The question before the Administrative Law Judge ("ALJ") was whether the Plaintiff was "disabled," as that term of art is defined for Social Security purposes, at any time between January 28, 2010, the date the application was filed, and the date of the ALJ's decision,

December 1, 2011.[2] (Doc. 16). To reach a determination, the ALJ must proceed through the Social Security Administration's ("SSA") sequential five step evaluation process in determining whether a person is disabled under the SSA's particular regulations.[3]

In the case at bar, the ALJ found at the first step that the Plaintiff, a 50 year old male, had not engaged in substantial gainful activity since the application date. (Doc. 8–3 at 15). At the second step, the ALJ found that the Plaintiff did suffer from degenerative disc disease and that such a disease was a severe impairment. *Id.* at 16. An evaluation of the third step led the ALJ to conclude that the Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, subpt. P, app'x 1. (Doc. 8-3 at 17).

More germane to the issue at hand, the ALJ found at step four, specifically, the following:

> "After careful consideration of the entire record, I find that claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b). He can lift and carry up to 20 pounds occasionally and 10 pounds frequently. He can sit up to 6 hours and stand/walk up to 6 hours during a regular workday with a sit/stand option. He can frequently perform all posturals. He does not have any manipulative, visual, communicative, or environmental limitations. He can sustain attention and concentration for 2 hours at a time due to pain."

---

[2] Under the Social Security Act, 42 U.S.C. § 301, *et. seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death of which has lasted or can be expected to last for a continuous period of not less than 12 months. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423 (d)(1)(A)).

[3] The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. Federal Old-Age, Survivors and Disability Insurance, 20 C.F.R. § 404.1520(a) (2012). The five steps are as follow: (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled; (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments, that meet the duration requirement in § 404.1509—if no, not disabled; (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement—is yes, disabled; (4) whether claimant has the residual functional capacity (RFC) to perform her/his past relevant work—if yes, not disabled; and (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work—if yes, not disabled. 20 C.F.R. § 404.1520(a).

*Id.* at 18. After proffering a hypothetical with an identical residual functional capacity ("RFC") to a Vocational Expert ("VE"), the ALJ ultimately relied on the VE's testimony to determine the fifth step finding: "[T]here are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 21.

The sole specific objection that the Plaintiff has levied against the M &R is that the Magistrate Judge erroneously distinguished the case at bar in order to circumvent the legal standards set forth in both Social Security Regulation ("SSR") 83-12 and *Boone v. Barnhart*, and thus incorrectly affirmed the ALJ's reliance on the VE's testimony and determinations. (Doc. 17 at 2); *see* SSR 83-12, 1983 WL 31253 (Jan. 1, 1983); *Boone v. Barnhart*, 353 F.3d 203 (3d Cir. 2003). Plaintiff reads *Boone* to "expressly recognize[] that 'SSR 83-12 makes clear that if a person must alternate periods of sitting and standing' . . . he 'is not functionally capable of doing either the prolonged . . . standing or walking contemplated for most light work.'" (Doc. 17 at 3) (quoting *Boone*, 353 F.3d at 210). Because Plaintiff files an appropriate objection to the correct legal standard to be applied, the issue is ripe for consideration by this Court. *Hays*, 907 F.2d at 1456.

Particularly, Plaintiff asks this Court to review *de novo* the ALJ's finding that sufficient work was available to the Plaintiff in the national economy, to reject the Magistrate Judge's Recommendation, and to grant Plaintiff's Motion for Summary Judgment. (Doc. 17 at 4). For the following reasons, this Court declines to disturb the Magistrate Judge's decision.

Relying primarily on *Boone*, Plaintiff seemingly goes so far as to contend that a "sit/stand option" requirement in an administrative determination of a claimant's RFC necessarily precludes a finding that substantial work may exist in the economy. (Doc. 17 at 3). He quotes directly from the case in support of his proposition:

> "[G]iven that SSR 83-12 suggests that Boone cannot perform most sedentary or light jobs (because of [a sit/stand option]) we cannot—as the Commissioner would have us to—assume that the ALJ's finding that Boone can perform a limited range of light work means that she can perform a significant number of jobs in the economy. Substantial evidence therefore does not support the ALJ's conclusion that the Commissioner met her burden of proof."

*Id.* (quoting *Boone*, 353 F.3d at 211). Such reliance, however, is sorely misplaced.

First, Plaintiff confuses the holding of *Boone* to suggest a false dichotomy: that if a claimant is precluded from working "most light jobs," he or she is automatically not able to perform a "significant number" of jobs that exist in the national economy. Quite simply put, Plaintiff's interpretation is grossly inaccurate. Instead, an accurate reading of *Boone* shows only that, under *Boone*'s particular set of facts, the evidence did not support a finding of significant available employment. *Boone*, 353 F.3d at 211 ("[W]e cannot *assume* . . . that the ALJ's finding that Boone can perform a limited range of light work means that she can perform a significant number of jobs in the economy. *Substantial evidence therefore does not support the ALJ's conclusion.*") (emphasis added). In other words, all *Boone* establishes is that a limited range of work, by itself, does not presumptively satisfy the "significant numbers" standard set forth in the regulations. 20 C.F.R. § 416.969(a).

Plaintiff's brief in support of his objection seems to consider the absence of a *presumption* of significant numbers to be proof that a significant number of jobs *cannot* exist at all. *See* (Doc. 17 at 3) ("The Magistrate Judge failed to discuss the *Boone* Court's application of SSR 83-12 to find that a need for a sit/stand option would preclude an individual from performing most light jobs."); *see also* (Doc. 17 at 4) (stating that the distinguishing facts between the instant case and those of *Boone* "have no bearing on the legal issue of whether SSR 83-12 establishes that a sit-stand option would prevent Plaintiff from standing and walking for 6 hours per day, as required by most light jobs."). He then rests his argument.

Regarding the latter statement, that the "facts . . . have no bearing on the legal standard," this Court agrees with the Plaintiff—a fact based inquiry does not change the law. *Id.* In the law's *application*, however, the facts are crucial in a proper determination. Unfortunately for the Plaintiff, this case is not about SSR 83-12's standards for "most light jobs"; instead, this case is about whether Plaintiff, *under his particular limitations*, could perform the obligations of a "significant number" of jobs. Therefore, Plaintiff's insistence on consideration of the legal standard for performance of "most light jobs" has minimal bearing on the combined factual and legal determination of an ability to perform a "significant number" of jobs. "Most" and "significant" are two different standards to reach—one does not preclude the other. *Cunningham v. Astrue*, 360 Fed. App'x 606, 615 (6th Cir. 2010) ("There is no magic number that qualifies as 'significant' for purposes of satisfying this prong of the disability inquiry."). Instead, the correct legal standard an ALJ need apply is simply a plain language reading of SSR 83-12.

Such plain language is readily available and states only, "In cases of unusual limitation of ability to sit or stand, a [Vocational Specialist] should be consulted to clarify the implications for the occupational base." SSR 83-12, 1983 WL 31253, at *4 (Jan. 1, 1983). Both sides cede that this case presents an "unusual limitation of ability to sit or stand." *See* (Doc. 13 at 3) (supporting Plaintiff's motion for summary judgment); (Doc. 15 at 4–5) (supporting Defendant's motion for summary judgment). Both sides also recognize that the ALJ properly consulted a Vocational Expert ("VE") who provided testimony on the implications of Plaintiff's limitation for his occupational base. *See* (Doc. 17 at 4) (supporting Plaintiff's Objections to the M & R) ("Plaintiff has not alleged that jobs identified by the VE conflict with the DOT or that the VE was hesitant in her evaluation."); (Doc. 15 at 5) ("In this case, the ALJ did in fact obtain a VE's testimony.").

Moreover, the Plaintiff's reliance on *Boone* is further misplaced because it is readily distinguishable from the case at bar. In *Boone*, the VE testimony was hesitant and inconsistent with the *Dictionary of Occupational Titles* ("*DOT*"). *Boone*, 353 F.3d at 209 ("Given this hesitation, the conflict between the VE's testimony and the DOT . . . and the failure of the VE and ALJ to acknowledge . . . the conflict, we conclude that the VE's testimony does not by itself provide substantial evidence of a significant number of jobs . . . ."). In this case, no such issues arise. Therefore, this Court finds that the VE's testimony is both appropriate and substantial evidence for the ALJ to consider. *See* (Doc. 17 at 4).

The Court fails to see what more is needed under SSR 83-12 to provide substantial evidence for the ALJ to base her decision upon. Because the ALJ satisfied the demands of SSR 83-12, commissioned the testimony of a VE, and relied on her recommendation that over 6,800 jobs exist in the regional economy with 455,000 extant nationally, this Court finds that the ALJ followed the proper legal standard as created by SSR 83-12 in determining the occupational base for a claimant limited by a sit/stand option. *See* (Doc. 8-3 at 62) (establishing the number of jobs available at oral hearing). Moreover, she relied on substantial evidence in making a determination of "not disabled." *Id.*

Yet the Plaintiff sees it differently and asks for further evaluation. In his second line of attack, Plaintiff seems to harken back to his original motion for summary judgment. (Doc. 13 at 3). He rather obliquely alludes to a claim that any finding of "light work" occupations available to the Plaintiff necessarily conflicts with SSR 83-10 if the claimant requires a sit/stand option. (Doc. 13 at 5–6). He relies on SSR 83-10 for the proposition that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). Thus, as the Plaintiff maintains, the

ALJ breached this legal standard by finding that the Plaintiff could perform a "light work" occupation because he cannot sit or stand for six continuous hours. For support, the Plaintiff cites to *Boone* for the proposition that SSR 83-12 precludes a claimant with a sit/stand option from *prolonged* sitting or standing. (Doc. 17 at 3); *Boone*, 353 F.3d at 210–11. This, once again, is an accurate yet futile assertion by the Plaintiff: *Boone* does suggest that a claimant with a sit/stand option restriction cannot do either for prolonged periods; SSR 82-10, however, does not necessarily demand that all "light work" occupations require prolonged period of sitting or standing. *See* SSR 83-10, at *6 ("[T]he full range of light work requires standing or walking, *off and on*, for a total of approximately 6 hours of an 8-hour day.") (emphasis added).

    SSR 83-12 directly comments on this alleged conflict:

"The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work . . . or the prolonged standing or walking contemplated for most light work. (*Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.*)"

SSR 83-12, at *4 (emphasis added). Simply because the Plaintiff may not sit or stand for six hours *continuously* does not mean that he may not be able to sit or stand for six hours in the *aggregate*, with sit/stand breaks in between. SSR 83-12 accounts for such individuals, and allows that "a defined range of work" is available to claimants so afflicted. *Id.* Thus, the Plaintiff misstates the applicable legal standards by claiming that "light work jobs" and "sit/stand options" are mutually exclusive when applying a claimant's RFC to available employment.

    In this case, the ALJ explicitly factored a sit/stand option into the RFC hypothetical proffered to the VE, and subsequently relied on credible expert testimony to ascertain a "defined range of work" available to the Plaintiff that accounts for a sit/stand limitation. *See* (Doc. 8-3 at

61) (transcript of VE's testimony). No objection has been levied against the VE's specific findings. The sole remaining issue, therefore, is simply whether the defined range of work constitutes a significant number of available jobs. While this Court is "not blind . . . to the difficult task of enumerating exactly what constitutes a 'significant number,'" it also recognizes that "the decision should ultimately be left to the trial judge's common sense . . . as applied to a particular claimant's factual situation." *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988). In turn, the Fourth Circuit has long held that it is not the reviewing Court's right to substitute its judgment for that of the Commissioner or the ALJ, so long as the decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456. Here, the ALJ relied on credible and substantial VE testimony which is uncontested by the Plaintiff; additionally, it was within the legal standard of SSR 83-12 to so rely. Therefore, this Court does not condone, nor will it support, substituting its judgment to reach a different decision than the ALJ who based her findings on legally appropriate and factually substantial evidence.

## IV. Conclusion

Therefore, this Court finds that the ALJ (1) applied the correct legal standards as defined by *Boone,* SSR 83-10, and SSR 83-12, (2) did not issue a conflicting order in finding that Plaintiff could perform a significant number of jobs despite not being able to perform most light work jobs, and (3) relied on substantial evidence, as determined by the appropriate legal standard, in concluding that Plaintiff was not disabled. *See Boone*, 353 F.3d at 210–11; SSR 83-12, at *4. Consequently, this Court denies the objection to the Magistrate Judge's Recommendations as raised by the Plaintiff.

After a further careful review of the Magistrate Judge's recommendation beyond the aforementioned objection, the Court finds the proposed findings of fact are supported by the

record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that the Defendant's motion for summary judgment be allowed.

V.     Order

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for summary judgment is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is hereby **GRANTED** and that the Commissioner's decision in this case is **AFFIRMED**. A judgment dismissing this matter on the merits will be entered herewith.

Signed: June 13, 2013

Richard L. Voorhees
United States District Judge